IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

KULDEEP SINGH,
                   *Petitioner*,

        v.

JEFFEREY CRAWFORD, *et al.*,                    1:26-cv-00494-MSN-LRV
                   *Respondents*.

<u>ORDER</u>

Petitioner Kuldeep Singh ("Petitioner") has filed a Petition for Writ of Habeas Corpus

("Petition"), pursuant to 28 U.S.C. § 2241, in which he asserts that he has been illegally detained

by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement

("ICE"). ECF 1. Specifically, Petitioner argues that the DHS's classification of his detention under

8 U.S.C. § 1225(b), subjecting him to mandatory detention, violates the Immigration and

Nationality Act ("INA") (Count I); the Administrative Procedure Act ("APA") (Count II); and his

right to due process (Count III).

Petitioner is currently detained at the Farmville Detention Center, an immigration detention

facility within this Court's jurisdiction. He has sued Jeffrey Crawford, the warden of that facility.

ECF 1. He has also sued the Washington Field Office Director of ICE Enforcement and Removal

Operations; the DHS Secretary; and Pamela Bondi, the Attorney General (collectively "Federal

Respondents"). The Federal Respondents have opposed the Petition. ECF 4. For the reasons that

follow, the Court concludes that Petitioner is detained pursuant to 8 U.S.C. § 1226(a), and because

Petitioner was already released on a bond that was not properly revoked, the Court will grant his

Petition as to Count III.[1]

---

[1] Because the Court grants relief on Petitioner's due process claim (Count III), it need not address Petitioner's other claims for relief.

## I.    BACKGROUND

Petitioner is a native and citizen of India who entered the United States without inspection in 2017. ECF 1 ¶ 9; ECF 4-1 ¶ 6. On January 28, 2017, Customs and Border Patrol officers encountered Petitioner, detained him, and processed him for expedited removal under 8 U.S.C. § 1225(b)(1). ECF 4-1 ¶¶ 6-7. Before Petitioner could be removed, he expressed a credible fear of returning to India, and so an asylum officer conducted a credible fear interview. *Id.* at ¶ 8. The asylum officer determined that Petitioner had a credible fear of persecution, *id.* at ¶ 9, which, under immigration law at the time, meant that Petitioner became eligible for bond.[2]

After determining that Petitioner had a credible fear, ICE filed a Notice to Appear ("NTA") on February 22, 2017, placing him in removal proceedings. ECF 4-1 ¶ 9. Then on April 4, 2017, an Immigration Judge ("IJ") granted Petitioner release on bond in the amount of $15,000. *Id.* at ¶ 10.

Following Petitioner's release, he moved to California where he resides with his fiancée, who is a United States citizen, and her two U.S. citizen children. ECF 1 ¶ 10. Petitioner also secured employment as a long-haul trucker. *Id.*

On January 5, 2026, ICE officials detained Petitioner while he was working. *Id.* at ¶ 12. Petitioner stopped his truck at a Virginia weigh station where he was arrested by ICE agents and placed in ICE custody. *Id.* Petitioner has been detained at the Farmville Detention Center since.

---

[2] In 2005, the Board of Immigration Appeals ("BIA"), held that noncitizens who were transferred from expedited removal proceedings to full removal proceedings after demonstrating a credible fear of persecution could be eligible for release on bond. *Matter of X-K-*, 23 I. & N. Dec. 731 (BIA 2005). In 2019, the BIA overruled its decision in *Matter of X-K*, concluding that noncitizens transferred from expedited removal proceedings to full removal proceedings after demonstrating a credible fear are ineligible for release on bond and must be detained pending removal proceedings, unless they can demonstrate eligibility for release on humanitarian parole. *Matter of M-S-*, 27 I. & N. Dec. 509 (A.G. 2019).

2

On February 5, 2026, Petitioner appeared in front of an IJ for a second bond determination. *Id.* at ¶ 15. The IJ denied Petitioner's request for bond, determining that he was subject to mandatory detention under *Matter of M-S-*, 27 I. & N. Dec. 509 (BIA 2019). ECF 4-1 ¶ 12.

## II.    ANALYSIS

Federal Respondents argue that Petitioner's detention is governed by 8 U.S.C. § 1225(b)(1)(B)(ii), which requires mandatory detention pending an asylum application. ECF 4 at 7. Federal Respondents further argue that because Petitioner is detained pursuant to § 1225(b)(1)(B)(ii), this Court lacks jurisdiction over Petitioner's claims. *Id.* at 11-12. Finally, they argue that Petitioner's detention is lawful, and he is entitled to no further due process. *Id.* at 12-18. This Court has already addressed each of these arguments in *Luna Sanchez v. Bondi*, 1:25-cv-1888, 2025 WL 3191922 (E.D. Va. Nov. 14, 2025), and adopts and incorporates that reasoning into this Order.

First, this Court has jurisdiction over the Petition. Under 28 U.S.C. § 2241(c)(3), a district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws or treaties of the United States." Federal Respondents nevertheless argue that 8 U.S.C. § 1252(a)(2)(A)(iv) strips this Court of jurisdiction to consider Petitioner's claims. ECF 4 at 11-12. Under 1252(a)(2)(A)(iv), "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to review . . . *procedures and policies* adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title." (emphasis added). The provision has no application here; Petitioner does not challenge the procedures or policies through which DHS implements expedited removal under 8 U.S.C. § 1225(b)(1). Rather, he challenges whether he is subject to those policies in the first place and whether his continued detention, after an IJ ordered his release on bond,

3

violates his right to due process. Accordingly, § 1252(a)(2)(A)(iv) does not preclude this Court's review of the Petition.[3] *See Luna Sanchez*, 2025 WL 3191922, at \*2; *Portillo-Argueta v. Simon*, 1:25-cv-2285-AJT-WEF, 2026 WL 184194, at \*2 (E.D. Va. Jan. 23, 2026).

Second, the Court concludes that Petitioner's detention is governed by 8 U.S.C. § 1226(a), and not § 1225(b)(1)(B)(ii). As in *Luna Sanchez*, 2025 WL 3191922, at \*4, DHS previously placed Petitioner in standard removal proceedings after Petitioner established a credible fear of persecution and then released him on bond pursuant to § 1226(a). *See* ECF 4-1 ¶¶ 9, 10; *see also Matter of X-K-*, 23 I. & N. Dec. 731, 734–36 (BIA 2005) (concluding that IJs may exercise their "general custody authority" under § 1226(a) and release individuals on bond who are initially screened for expedited removal but subsequently establish a credible fear of persecution); *overruled by Matter of M-S-*, 27 I. & N. Dec. 509. DHS's decision to release Petitioner on bond, as opposed to humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), indicates that Petitioner is now subject to § 1226(a) and not § 1225(b). *Luna Sanchez*, 2025 WL 3191922, at \*4. Once DHS takes a Petitioner out of expedited proceedings, they may not arbitrarily resume those proceedings years later. *Loja v. FCI Berlin, Warden*, 808 F. Supp. 3d 227, 230 (D. N.H. 2025) (observing that, when the government elects to release a person on bond under § 1226(a), rather than humanitarian parole under § 1182(d)(5)(A), the government cannot later "turn back the clock, and neither can the Court" (quoting *De Andrade v. Moniz*, 802 F. Supp. 3d 325, 332-33 (D. Mass. 2025))); *see also, e.g.*, *Portillo-Argueta*, 2026 WL 184194, at \*4 (concluding same).

Finally, the Court concludes, as it did in *Luna Sanchez*, that Petitioner's continued detention without bond—after having been previously granted release on bond—is unlawful. 2025 WL 3191922, at \*4. Under § 1226(b), DHS "may revoke a bond or parole authorized under

---

[3] The Court similarly concludes that 8 U.S.C. § 1252(e)(3)(A) does not deprive this Court of jurisdiction. *See* ECF 4 at 12. Petitioner does not challenge whether a particular section of the INA or its implementing regulations are constitutional, he challenges whether 8 U.S.C. § 1225(b)(1) governs his detention at all.

4

[§ 1226(a)], rearrest the [noncitizen] under the original warrant, and detain the [noncitizen]." 8 U.S.C. § 1226(b). But "[t]he BIA has held that 'where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance.'" *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), *aff'd sub nom. Saravia for A.H. v. Sessions*, 905 F.3d 1137 (9th Cir. 2018) (quoting *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (B.I.A. 1981)); *see also Chaudhari v. Crawford*, 1:25-cv-01772 (LMB/IDD), 2025 WL 3896287, at *4 (e.D. Va. Oct. 23, 2025); *dos Santos v. Noem*, No. 1:25-cv-12052-JEK, 2025 WL 2370988, at *9, 2025 WL 2370988 (D. Mass. Aug. 14, 2025). The record here reflects no change in circumstances that could justify the revocation of Petitioner's bond.

Revoking Petitioner's bond without such a showing and subjecting him to mandatory detention runs afoul of basic due process principles. As this Court has repeatedly recognized, governmental detention violates substantive due process "unless the detention is ordered in a criminal proceeding with adequate procedural protections or, in certain special and narrow nonpunitive circumstances where a special justification . . . outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Luna Sanchez*, 2025 WL 3191922, at *5 (quoting *Quispe-Ardiles*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *8 (E.D. Va. Sept. 30, 2025)). Likewise, Petitioner's detention deprives him of procedural due process given his liberty interest in bodily freedom, the risk of erroneous deprivation, and the lack of a substantial government interest in his continued detention. *Luna Sanchez*, 2025 WL 3191922, at *5.

Because Petitioner's continued detention violates his right to due process, he is entitled to immediate release. *Luna Sanchez*, 2025 WL 3191922, at *5.

### III.    CONCLUSION

For the reasons stated above, the Petition will be GRANTED as to Counts One and Two and it is hereby

ORDERED that Petitioner be released from custody on the bond that was set on April 4, 2017, no later than 4:00 pm on Monday, March 9, 2026, with all his personal property; and it is further

ORDERED that Petitioner's counsel immediately provide the Court and Federal Respondents with a fixed address for Petitioner's release so that DHS may notify him of future bond proceedings[4]; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law; has failed to attend any properly noticed immigration or court hearing; or has received a final order of removal; and it is further

ORDERED that Federal Respondents file a notice with the Court confirming Petitioner's release.

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of the Order and accompanying Memorandum Opinion to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

March 6, 2026
Alexandria, Virginia

---

[4] Petitioner should redact personal identifiers or file those documents under seal.